UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:08-cr-0462 GEB AC P |
| Respondent, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| STEPHEN McKESSON, | |
| Movant. | |

I. Introduction

Movant is a federal prisoner[1] proceeding without counsel with a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.[2] Respondent moves to dismiss this matter on statute of limitations grounds or, alternatively, on the ground that movant knowingly and voluntarily waived his right to appeal as part of his plea agreement. For the reasons set forth below, the undersigned recommends that this action be dismissed as time-barred.

II. Background

On October 2, 2008, the grand jury returned an indictment charging movant with one count of Sex Trafficking of a Minor in violation of 18 U.S.C. § 1591(a)(1). ECF No. 1. Movant

---

[1] Movant is incarcerated at the Herlong Federal Correctional Institution; he has requested that all legal and court filings be served on him at an outside address. See ECF No. 66 at 1.

[2] This motion was also assigned the following civil case number for court statistical purposes: Case No. 2:14-cv-0619 GEB AC P.

1

1   was arraigned on October 14, 2008, and ordered detained on October 15, 2008.  ECF Nos. 4-5, 9.
2   After several continuances, movant pled guilty to the charge on May 18, 2009.  ECF Nos. 28-9.
3   After a hearing, sentence was imposed on February 12, 2010.  ECF No. 44.  Movant was
4   sentenced to 235 months in the custody of the U.S. Bureau of Prisons and a lifetime period of
5   supervised release; a restitution award was made to the victim in the amount of $20,000.  Id.
6   Judgment was entered on February 25, 2010.  ECF No. 46.

7         On February 26, 2010, movant filed a notice of appeal.  ECF No. 48.  By order filed
8   October 4, 2011, the Ninth Circuit Court of Appeals vacated the restitution order and remanded
9   the matter to the district court for reassessment.  ECF No. 55.  Mandate issued on October 27,
10  2011.  ECF No. 57.

11        On March 9, 2012, the district court ruled that no restitution would be imposed in this
12  case.  ECF No. 64.  A written order followed on March 13, 2012.  ECF No. 64.

13        Nearly two years later, on March 5, 2014, movant filed the instant motion to vacate, set
14  aside or correct his sentence pursuant to 28 U.S.C. § 2255.  ECF No. 66.  After extended time to
15  respond, respondent filed the pending motion to dismiss on May 16, 2014.  ECF No. 73.  Movant
16  timely filed an opposition.  ECF No. 74.

17  III.  Motion to Vacate, Set Aside or Correct Sentence

18        Pursuant to his motion under Section 2255, movant seeks "review [of] the entire case."
19  ECF No. 66 at 1.  Movant contends that:  (1) his initial arrest by a federal agent on July 30, 2008,
20  pursuant to a state probation search, constituted an unreasonable search and seizure; (2) his arrest
21  violated the Ex Post Facto Clause; (3) his sentencing violated due process and double jeopardy;
22  (4) his incarceration constitutes false imprisonment because premised on impermissible
23  sentencing guidelines; and (5) his arrest and sentence were motivated by racial discrimination.

24  IV.  Motion to Dismiss

25        The government moves to dismiss this action as untimely.  A one-year period of limitation
26  applies to Section 2255 petitions.  28 U.S.C. § 2255(f).  "The limitation period shall run from . . .
27  the date on which the judgment of conviction becomes final."  28 U.S.C. § 2255(f)(1).  When
28  there has been an amended judgment of conviction, the limitation period runs from the date on

which the amended judgment of conviction becomes final. "In 'cases in which we either partially or wholly reverse a defendant's conviction or sentence, or both, and expressly remand to the district court . . . , the judgment does not become final, and the [§ 2255] statute of limitations does not begin to run, until the district court has entered an amended judgment and the time for appealing that judgment has passed.'" United States v. LaFromboise, 427 F.3d 680, 683-84 (9th Cir. 2005) (quoting United States v. Colvin, 204 F.3d 1221, 1255 (9th Cir. 2000). Following a final judgment of conviction, the defendant has fourteen days within which to file a notice of appeal. See Fed. R. App. P. 4(b)(1)(A)(i).

In this case, the district court vacated the restitution award on March 9, 2012. The time for filing a notice of appeal of the amended judgment expired fourteen days later, on March 23, 2012. Fed. R. App. P. 4. Because no appeal was taken, the judgment became final on March 23, 2012. See United States v. Schwartz, 274 F.3d 1220, 1223 (9th Cir. 2001) (when a criminal defendant does not appeal, the conviction becomes final at the expiration of the time during which he could have appealed). The one-year limitation period commenced the following day. Thus, movant had until March 23, 2013 in which to file his Section 2255 motion in this court. However, he did not file his motion until March 5, 2014, nearly a year after expiration of the limitation period.

Because petitioner filed his Section 2255 motion outside the limitations period, he may proceed only if he can demonstrate entitlement to equitable tolling. United States v. Battles, 362 F.3d 1195, 1197 (9th Cir. 2004) (statute of limitations under Section 2255 is subject to equitable tolling). A habeas petitioner is entitled to equitable tolling if he demonstrates that: (1) he has been pursuing his rights diligently; and (2) some extraordinary circumstance stood in his way and prevented timely filing. See Holland v. Florida, 560 U.S. 631 (2010); Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009).[3] The diligence required for equitable tolling purposes is "reasonable diligence," not "maximum feasible diligence." See Holland, 560 U.S. at 2565; see also Bills v. Clark, 628 F.3d 1092, 1096 (9th Cir. 2010). An "extraordinary circumstance" has been defined

---

[3] The standards developed in the context of 28 U.S.C. § 2254, governing the habeas petitions of state prisoners, apply equally in the § 2255 context. Battles, 362 at 1196-97.

as an external force that is beyond the inmate's control.  Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

The instant Section 2255 motion does not address its untimeliness.  In opposition to the motion to dismiss, movant contends only that "the time bar has no application in this case."  ECF No. 74 at 1.  Movant argues instead that his arrest and the tandem arrest of his father were illegal, largely because officials allegedly relied on movant's "probation sentence as a subterfuge for a warrant requirement."  Id. at 5.  Movant contends that "the government fails or refuses to recognize convictions and sentences can only come after an arrest, they are different;" that "[t]he sovereignty of the state of California and its laws regarding probation" preclude federal prosecution based on violation of a state-imposed probation condition; and AEDPA's statute of limitations has no application to state-law probation violations because "California's law on probation was established in October 1975" while AEDPA "became law April 24, 1996, and as a new law, it has no retroactive application."  ECF No. 74 at 2-5.

The court finds movant's arguments in opposition to the motion to dismiss to be frivolous, without regard to the standards for assessing the timeliness of his Section 2255 motion.  The cases cited by movant are inapposite.  For the reasons set forth above, this court finds that movant's Section 2255 motion was untimely filed and is not entitled to equitable tolling.

V. Conclusion

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  Respondent's motion to dismiss, ECF No. 73, be granted.

2.  Movant's motion to set aside, vacate or correct his sentence under 28 U.S.C. § 2255, ECF No. 66, be dismissed as time-barred.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

In his objections, petitioner may address whether a certificate of appealability should issue

1  in the event he files an appeal of the judgment in this case. See 28 U.S.C. 2253(c) (absent a
2  certificate of appealability, an appeal may not be taken from the final decision of a district judge
3  in a habeas corpus proceeding or a proceeding under 28 U.S.C. § 2255).
4      Any response to the objections shall be filed and served within fourteen days after service
5  of the objections. The parties are advised that failure to file objections within the specified time
6  may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir.
7  1991).
8  DATED: May 1, 2015

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE