UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:08-cr-0462 KJM AC |
| Respondent, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| STEPHEN MCKESSON, | |
| Movant. | |

Movant, a federal prisoner proceeding pro se, filed a motion to correct his sentence pursuant to 18 U.S.C. § 3742 (ECF No. 87) and the matter was referred to the undersigned (ECF No. 92).

I.   Procedural Background

Movant pled guilty to one count of sex trafficking of children or by force, fraud, or coercion in violation of 18 U.S.C. § 1591(a)(1) (ECF No. 29) and was sentenced to a term of 235 months imprisonment, a life term of supervised release, and $20,000 in restitution (ECF No. 44). Judgement was entered on February 25, 2010 (ECF No. 46), and movant filed a notice of appeal the following day (ECF No. 48). On appeal, movant challenged the restitution order and the Ninth Circuit Court of Appeal granted the appeal by vacating the restitution order and remanding the case for reassessment. ECF No. 55. On March 9, 2012, the district court ruled that no restitution would be imposed, and a written order followed on March 13, 2012. ECF Nos. 64, 65.

On March 5, 2014, the court received movant's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. ECF No. 66. The motion was dismissed as time-barred and the court declined to issue a certificate of appealability. ECF No. 81. Movant appealed (ECF No. 82), and the Ninth Circuit denied his request for a certificate of appealability on March 10, 2016 (ECF No. 86).

On October 19, 2023, the court received the instant motion to correct sentence, dated October 16, 2023 (ECF No. 87), followed by an addendum to the motion (ECF No. 95). Respondent has opposed the motion. ECF No. 96.

II.     Motion to Correct Sentence

Movant challenges his sentence on the ground that the sentencing judge improperly applied a four-level enhancement under U.S.S.G. § 2a3.1(b)(1) during sentencing. ECF No. 87. He requests that he be resentenced without the enhancement and that all special conditions be removed from his supervised release obligations. Id. at 5. In his addendum to the motion, movant further elaborates his claim and reiterates his request for relief. ECF No. 95.

Respondent opposes the motion and moves to dismiss on the ground that this court lacks authority to grant relief under § 3742 and that the motion appears to be a disguised second or successive motion under § 2255. ECF No. 96. It also argues that the motion is time-barred and barred by movant's plea agreement. Id. at 4 n.1.

In his reply, movant reiterates his arguments in addition to denying that his petition is time-barred, arguing the appeal waiver should not be enforced and the government breached the plea agreement, that counsel was ineffective, and that he is factually innocent. ECF No. 97.

III.    Discussion

Movant seeks relief under 18 U.S.C. § 3742, which permits a defendant to appeal a sentence. However, § 3742 provides for appeal of an otherwise final sentence to the Ninth Circuit, or to a district judge in the event the sentence was imposed by a magistrate judge.[1]  18

---

[1] Section 3742 provides that "[a] defendant may file a notice of appeal in the district court for review of an otherwise final sentence" and that "[a]n appeal of an otherwise final sentence imposed by a United States magistrate judge may be taken to a judge of the district court, and this (continued)

U.S.C. § 3742(a), (h).  Since movant's sentence was imposed by a district judge, § 3742 does not provide authority for this court to grant relief.

To the extent the motion is in fact a disguised § 2255 motion, see Harrison v. Ollison, 519 F.3d 952, 955 (9th Cir. 2008) ("As a general rule, '§ 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention.'") (quoting Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000))), this court lacks jurisdiction to hear it.

"Pursuant to 28 U.S.C. § 2255(h) a prisoner may file a 'second or successive' motion only if the appropriate court of appeals certifies that the motion contains newly discovered, dispositive evidence or relies on a new constitutional rule made retroactive to collateral proceedings." Tong v. United States, 81 F.4th 1022, 1024 (9th Cir. 2023).  "[W]hen a prisoner's first filing is dismissed due to a 'permanent and incurable bar to federal review,' that dismissal is 'on the merits' such that a later filing is deemed second or successive."  Id. at 1025 (quoting McNabb v. Yates, 576 F.3d 1028, 1029-30 (9th Cir. 2009)).  The Ninth Circuit has held "that the dismissal of a habeas petition as untimely constitutes a disposition on the merits and that a further petition challenging the same conviction would be 'second or successive.'"  McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009); see also Garcia-Mesa v. United States, No. 21-cv-71147, 2022 WL 2304230, at *1, 2022 U.S. App. LEXIS 17695, at *1 (9th Cir. June 27, 2022) (denial of first § 2255 motion as untimely was "a merits determination" (citing McNabb, 576 F.3d at 1029-30)).

As noted above, movant previously filed a motion to vacate, set aside or correct his sentence pursuant to § 2255 which was denied as untimely, and both the district judge and the Ninth Circuit denied movant a certificate of appealability.  ECF Nos. 66, 81, 86.  Because the denial of the previous motion was a merits determination, movant must first obtain an order from the Ninth Circuit authorizing this court to consider a subsequent § 2255 motion and he has not provided any evidence that he has received the required authorization.

IV.   Conclusion

For the reasons set forth above, the motion to correct sentence should be denied.

---

section shall apply . . . as though the appeal were to a court of appeals from a sentence imposed by a district court."  18 U.S.C. § 3742(a), (h).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Movant's motion to dismiss (ECF No. 96) be GRANTED; and
2. The motion to correct sentence pursuant to 18 U.S.C. § 3742 (ECF No. 87) be DISMISSED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 9, 2024

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE